PEOPLE *v.* DONOVAN.

1. RAPE—INFORMATION—SUFFICIENCY.
    An information charging that defendant did feloniously, unlawfully and carnally know and abuse a certain female over the age of 16 years, to-wit, of the age of 42 years, etc., did not charge the crime of rape, since it did not charge that defendant carnally knew her with force and against her will (3 Comp. Laws 1915, § 15211).

2. INDICTMENT AND INFORMATION—AMENDMENT—RAPE.
    Where an information charged no offense known to the law, an amendment injecting therein the crime of rape was improperly allowed.

Error to recorder's court of Detroit; Faust (John),

J.   Submitted June 13, 1924.   (Docket No. 104.)
Decided July 24, 1924.

Daniel L. Donovan was convicted of rape, and sentenced to imprisonment for not less than 15 nor more than 30 years in the State prison at Jackson.   Reversed, and defendant discharged.

*Chawke & Sloan,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Ralph B. Clark,* Assistant Prosecuting Attorney, for the people.

BIRD, J.   Upon complaint defendant was apprehended for the crime of rape upon a woman upwards of 42 years of age.   The record does not show whether an examination was held.   Defendant was arraigned in the recorder's court in the city of Detroit on an information which intended to charge the crime of rape.   The information, omitting the formal parts, charged that defendant

"did wilfully, unlawfully and feloniously make an assault upon one Saville E. Quinn, a female person, being then and there over the age of sixteen years, to-wit, of the age of forty-two years, and her, the said Saville E. Quinn, then and there *feloniously, unlawfully and carnally did know and abuse contrary to the form of the statute in such case made and provided."*   *   *   *

At the trial, and before the jury was sworn, the prosecutor asked permission to amend the information by inserting the language of the statute (3 Comp. Laws 1915, § 15211).

After the amendment the information charged that defendant made an assault upon Saville E. Quinn, etc.,

"and her, the said Saville E. Quinn, then and there

feloniously, unlawfully did ravish and carnally know and abuse by force and against her will." * * *

This proposed amendment was allowed by the court against the objection of defendant. The case was then adjourned for 12 days. At the end of that period defendant was placed on trial under the amended information, and convicted.

It is argued by defendant's counsel that the original information charged no offense known to the law, and that the amendment was something more than a mere matter of form, it was a matter of substance, and charged defendant with the crime of rape.

The information before amendment did not charge the crime of rape. It charges an assault and charges that defendant feloniously, unlawfully and carnally did know and abuse, etc. This allegation does not come as near the charge of rape as it does of adultery. It simply charges defendant with having unlawful intercourse with the complainant. There is no intimation in the information that defendant carnally knew her with force and against her will. These are important elements in the crime of rape. For a discussion of this question see *State* v. *Marsh*, 134 N. C. 184 (47 S. E. 6, 67 L. R. A. 179). The prosecutor makes much effort in his brief to show that the word "ravish" means, in substance, the same as "force and against her will." The difficulty with this argument is the original information did not contain the word "ravish." The amendment appears the more improper from the fact that it does not appear that an examination was held before the first information was filed. Neither does it appear that defendant was asked to plead to the amended information, and no opportunity was given him to have an examination on the amended charge. Inasmuch as the information charged no offense known to the law, the amendment injecting therein the crime of rape was improperly allowed. Our statutes of amendment are not broad

enough to permit of a substitution of other distinct offenses.

The judgment of conviction is reversed and the defendant discharged.

Clark, C. J., and McDonald, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.