## Staunton

W. Frank Smyth, Jr., Superintendent of the Virginia
State Penitentiary, et al. v. Frank White.

September 10, 1953.

Record No. 4073.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the plaintiffs in error.

*W. A. Hall, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case is before us upon a writ of error granted the Superintendent of the Virginia State Penitentiary to a final order of the Circuit Court of Stafford County in a *habeas corpus* proceeding in which Frank White was the petitioner. The order, entered March 31, 1952, invalidated and held void the conviction of White by the Circuit Court of Princess Anne County on August 10, 1949, in a proceeding wherein he had entered a plea of guilty to an indictment charging him with robbery and had been sentenced to thirteen years in the penitentiary.

In the petition for the writ of *habeas corpus ad subjiciendum* petitioner relied upon two grounds: first, that the indictment did not charge robbery; second, that even if the indictment did charge robbery the sentence was void because the court failed to consider the report of a probation or parole officer before passing sentence, as required by section 53-278.1, Code of 1950.

A hearing was held on March 7, 1952, at the conclusion of which the court ruled that the indictment was fatally defective as an indictment for robbery and therefore did not support the conviction and sentence imposed. Accordingly, the order here complained of invalidating the conviction and sentence was entered.

The court further ruled, however, that while the indictment did not charge robbery, it did charge grand larceny, and that the petitioner therefore had pleaded guilty to the latter charge. Thereupon the court remanded the prisoner to the Circuit Court of Princess Anne County, there to be sentenced on the charge of grand larceny, the maximum

punishment for which is ten years, instead of the thirteen year sentence imposed on the more serious charge of robbery.

The opinion and order of the Circuit Court of Stafford County did not deal with the second allegation in the petition, that the conviction was invalid because no pre-sentence report was considered.

Appellant relies upon two assignments of error: that the sufficiency of the indictment is not open to inquiry by *habeas corpus*; and that the indictment sufficiently charges the crime of robbery and the court erred in holding to the contrary.

In our view of the case it is not necessary for us to consider the first assignment of error; for assuming, but not deciding that the question which the petitioner raises is properly before us in a *habeas corpus* proceeding, we are of opinion that appellant's second assignment of error is well taken and disposes of the case.

Considering the second assignment, the indictment is denominated an "Indictment for Robbery", and reads:

"In the Circuit Court of the County of Princess Anne:

"The Grand Jurors of the Commonwealth of Virginia, in and for the body of the County of Princess Anne and now attending the said Court, upon their oaths, present that FRANK WHITE, CLIFTON WRIGHT GOODWIN, ELMER MYRON SANDER and HARRY EVERETTE WILLIS, JR. on the 19th day of September, in the year 1948, in the said County of Princess Anne, Virginia, in and upon one I. V. Hargrove, feloniously did make an assault, and him the said I. V. Hargrove, by the threat and presenting of a shot gun with which the said Frank White, Clifton Wright Goodwin, Elmer Myron Sander and Harry Everette Willis, Jr. were then and there armed, and him the said I. V. Hargrove in bodily fear, feloniously did put money of the United States of America in the sum of $325.00, of the goods and chattels of the said I. V. Har-

grove, then and there to-wit: On the day and year afore-said, in the County aforesaid, feloniously and violently did steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia."

In Virginia the statute (§ 18-163) fixes the punish-ment for robbery. It does not change the common law essentials of the crime. These are defined as the taking, with intent to deprive the owner permanently, of personal property, from his person or in his presence, against his will, by violence or intimidation. *Ayres* v. *Commonwealth*, 157 Va. 897, 899, 161 S. E. 888.

It is asserted that the indictment did not charge that the taking of the $325.00 "was from the person or presence" of Hargrove, and that such taking from the person or presence of the victim is an essential element of the offense.

While the indictment may lack, to some degree, the clarity which would free it from any possible objection, the essential elements of the crime are charged. It is alleged that the petitioner, together with his associates in crime, on the 19th day of September, 1948: (1) feloniously made an assault upon Hargrove; (2) put Hargrove in bodily fear by threat and the presenting of a shot gun, with which he was *then* and *there* armed; (3) feloniously took $325.00 of Hargrove's money, *then* and *there*; and (4) feloniously and violently did steal, take and carry away (said money).

Hargrove could hardly have been *assaulted* and his money *violently* taken *then* and *there* in his absence.

If we give any effect whatever to the words "then and there", we must conclude that the *violent* taking, through the assault, was either from the person of the victim or in his presence, at a time when he was in fear of his life, a fear which would not have existed except for the fact that the presentation of the shot gun (which allegedly put him in fear) was made "then and there", at the time of the tak-ing from the person or at least in the presence of the victim.

We cannot escape the conclusion that the indictment charged all the essential elements of robbery.

But this is not all. It is admitted that the petitioner had full knowledge of the charge on which he was being tried. He admits in his petition that he knowingly signed a plea of guilty which read:

"I hereby enter a plea of guilty to the indictment pending against me *for robbery* and request and consent to the imposition of sentence on this date without referring the matter to a probation officer for a pre-sentence investigation and report." (Italics supplied)

This plea and consent dated August 10, 1949, was not only duly signed by the petitioner, Frank White, but witnessed by an attorney of his own choosing, Llewellyn S. Richardson, who had been employed by petitioner to defend him. The order of conviction, entered on the same day, records the plea of guilty to the indictment "for robbery". It shows that the same was tendered in person by the accused; that with the consent of the Commonwealth, the accused and his attorney, the court, after hearing the evidence, determined the case, without the intervention of a jury, finding the accused guilty according to his plea. If the evidence against the accused had not been sufficient to sustain the charge of robbery, we assume that the trial judge would have so found.

It is not denied that petitioner knew he was being tried for robbery and that he fully understood the purport of his written plea. Under such circumstances, no constitutional right of the accused was invaded. *Livingston* v. *Commonwealth*, 184 Va. 830, 837, 36 S. E. (2d) 561, 565; *Commonwealth* v. *Beavers*, 150 Va. 33, 142 S. E. 402.

As heretofore stated, the Circuit Court of Stafford County made no reference to the question raised by the petitioner which challenged the right of the Circuit Court of Princess Anne County to waive the pre-sentence report provided for in Code, § 53-278.1. We have heretofore held and now reaffirm our holding that this is a procedural

statute.  *McClain* v. *Commonwealth*, 189 Va. 847, 860, 861, 55 S. E. (2d) 49.  Its provisions may be waived with the consent of the accused, the attorney for the Commonwealth, and the court as was here done.  The failure to comply with the statute cannot be reached by writ of *habeas corpus*.

Petitioner in his brief and his argument at bar challenged the sufficiency of the assignments of error filed by appellant.  The assignments are both clear and definite and there is no merit in this contention.

For the reasons stated, the judgment of the Circuit Court of Stafford County is reversed and the writ of *habeas corpus ad subjiciendum* is dismissed.

*Reversed and dismissed.*