# Richmond

RAYMOND THOMAS COUNCIL v. W. FRANK SMYTH, JR.,
SUPERINTENDENT.

June 22, 1959.

Record No. 4944.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and
l'Anson, JJ.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*Thomas M. Miller, Assistant Attorney General (A. S. Harrison, Jr., Attorney General*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

On May 20, 1955, Raymond Thomas Council, hereinafter referred to as the petitioner, filed a petition in the Hustings Court of the City of Richmond, Part II, praying for a writ of *habeas corpus ad subjiciendum*, and alleging that he is illegally restrained and imprisoned by W. Frank Smyth, Superintendent of the Virginia State Penitentiary by reason of a void and illegal judgment of conviction entered on a verdict of a jury finding him guilty of rape in the Circuit Court of Princess Anne County, Virginia, on April 24, 1951. The writ was issued and made returnable to July 22, 1955. A hearing upon the writ was continued on motion of the petitioner until December 19, 1956, at which time the trial court heard the evidence and arguments of counsel. On February 8, 1958, an order was entered dismissing the petition and quashing the writ of *habeas corpus ad subjiciendum* previously granted. To this action of the court we granted a writ of error.

In his petition for a writ of *habeas corpus ad subjiciendum* the petitioner contended that: (1) The order of conviction entered in accordance with the verdict of the jury on April 24, 1951, is a nullity since it shows he was tried by eleven jurors without his consent or that of the attorney for the Commonwealth; and (2) The conviction is void because the indictment on which he was tried, convicted and sentenced to life imprisonment for rape did not charge the carnal knowledge of the prosecuting witness was by force and against her will, and the highest crime he could have been convicted of under the indictment was a misdemeanor.

At the trial of the petitioner on April 24, 1951, in the Circuit Court of Princess Anne County he was represented by counsel of his own choosing. He was tried by a felony jury. It was understood by the petitioner, his counsel, the court, the attorney for the Commonwealth, and the jury, that he was being tried on a charge of rape. The motion to set aside the verdict of the jury on the grounds that it was contrary to the law and the evidence was fully heard and overruled on May 25, 1951, and the court sentenced the petitioner in accordance with the verdict of the jury. The record does not

show that the question of the sufficiency of the indictment was raised at any stage of the proceeding. There was no appeal form this judgment.

After the issuance of the writ of *habeas corpus ad subjiciendum* and before its return date, the commonwealth's attorney of Princess Anne county, after due notice, instituted proceedings for the purpose of correcting the judgment order of conviction by way of supplying the name of the juror which had been inadvertently omitted. The petitioner was represented in the *nunc pro tunc* proceedings by the counsel who represented him in the original trial in Princess Anne and the record does not disclose any objection was made. After a full hearing the Circuit Court of Princess Anne County on July 7, 1955, entered a *nunc pro tunc* order correcting the original order by supplying the name of the twelfth juror who was present and did serve as a juror in the petitioner's trial. On appeal the *nunc pro tunc* order was affirmed by this court in *Council* v. *Commonwealth*, 198 Va. 288, 94 S. E. 2d 245. Thus the petitioner's first contention has been settled adversely to him.

The petitioner next contends that his conviction for rape is a nullity because it did not charge the carnal knowledge of the prosecuting witness was by force and against her will and the indictment charged only a misdemeanor.

The material parts of the indictment on which the petitioner was tried, convicted and sentenced read as follows: "[T]hat Raymond Thomas Council on the 18th day of March in the year 1951, in the said county of Princess Anne, Virginia, with force and arms, in and upon one Dorothy Van Nostrand, a female over the age of sixteen years, to wit: the age of twenty-five years, feloniously did make an assault and her the said Dorothy Van Nostrand, then and there, to-wit: on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the Commonwealth of Virginia."

The material part of § 18-54, Code of 1950, reads as follows: "If any person carnally know a female of sixteen years of age or more against her will, by force, * * * he shall be punished with death or confinement in the penitentiary for life, or any term not less than five years."

Rape at common law also consists of the unlawful carnal knowledge of a woman by a man, forcibly and against her will. *State* v. *Fudge*, 96 W. Va. 109, 122 S. E. 519, 520; 44 Am. Jur., Rape, § 56, p. 932.

In support of the petitioner's contention that the conviction on the indictment is a nullity because it does not charge the carnal knowledge of the female by force and against her will, and the indictment only charged a misdemeanor, he relies on *State* v. *Castner*, 122 Me. 106, 119 A. 112; *State* v. *Marsh*, 132 N. C. 1000, 43 S. E. 828, 829, 67 L. R. A. 179, 180; 134 N. C. 184, 47 S. E. 6, 67 L. R. A. 179, 180; *People* v. *Donovan*, 228 Mich. 149, 199 N. W. 620.

In all of the above cases relied on by the petitioner objections were made to the indictment in the trial court with exceptions noted and the matter was heard on direct appeals.

In *Beard* v. *State*, 79 Ark. 293, 95 S. W. 995 (dissenting opinion 97 S. W. 667), involving an indictment similar to the one of which the petitioner here complains, objection was made on appeal for the first time that conviction of rape was a nullity because the indictment did not charge the assault was committed aganist the will of the female. The court held that it could be inferred from the language of the indictment that the assault and carnal knowledge of the female were against her will; that the question of the sufficiency of the indictment could have been raised in the lower court and that it could not be raised for the first time on appeal. The Supreme Court of the United States granted a writ of certiorari to this judgment, but Beard died before argument and the case was dismissed as moot. *Beard* v. *State*, 207 U. S. 601, 52 L. ed. 359, 28 S. Ct. 258.

The first part of the indictment under which the petitioner was tried and convicted charges an assault with force and arms. It is apparent that the second part intended to charge rape, but the elements of rape by force and against the will of the female are lacking, and these were essential since she was alleged to be over the age of sixteen years. The charge in the first part cannot be brought into the second part to supply the defect. It was defective as a common law indictment and also under the statute.

However, the petitioner could have attacked the sufficiency of the indictment by a demurrer or motion to quash and, after the jury's verdict, moved for an arrest of judgment. He did none of these. Nor did he apply to this court for a writ of error. Can he now, under the peculiar circumstances of this case, in a collateral proceeding by habeas corpus raise the question of the sufficiency of the indictment more than four years after his conviction?

The Fifth Amendment to the Constitution of the United States requires a presentment or indictment in prosecutions under Federal Statutes "for a capital or otherwise infamous crime," but there is no

such requirement under the Constitution of Virginia. Section 19-136, Code of 1950, however, provides that no person shall be charged with a felony except on an indictment by a grand jury, but an indictment can be waived in writing, in which case he may be tried on a warrant or information. *Hanson* v. *Smyth*, 183 Va. 384, 390, 32 S. E. 2d 142.

Since a person charged with a felony may waive indictment by a grand jury and elect to be tried on a warrant or information, the requirement of an indictment is not jurisdictional.

"Habeas corpus will not lie for errors and irregularities which are not jurisdictional. Relief by habeas corpus against a judgment which rests on a defective indictment, information, or affidavit is confined to cases where the defect is sufficient to render the judgment void. The fact that an indictment or information is lacking in technical precision or is otherwise irregular is not ground for relief by habeas corpus, at least where there is enough on the face of the pleading to charge the defendant with the commission of an offense known to the law. To hold otherwise would be not only to adapt the writ to the ordinary uses of a proceeding in error, but to permit its use to effect an intolerable interference with the ordinary and regular process of criminal prosecutions, and to substitute it illegally for a demurrer or motion to quash." 25 Am. Jur., Habeas Corpus, § 40, pp. 172, 173.

It is well settled in Virginia that the writ of habeas corpus does not lie as a substitute for an appeal or writ of error. The underlying question in habeas corpus proceedings is directed to whether an indictment is so fatally defective and void that the court in which the petitioner was convicted did not have jurisdiction of the person and crime charged and if the court had jurisdiction to render the particular judgment. If the court had jurisdiction of the person and the crime charged, and if the punishment imposed is of the character prescribed by law, a writ of habeas corpus does not lie to release the prisoner from custody for mere irregularities or insufficiency of an indictment no matter how vulnerable to direct attack on motion to quash. *Royster* v. *Smith*, 195 Va. 228, 232, 233, 77 S. E. 2d 855, 857; *Thornhill* v. *Smyth*, 185 Va. 986, 990, 41 S. E. 2d 11, 13; *Harmon* v. *Smyth*, 183 Va. 414, 417, 32 S. E. 2d 665, 666, 667; 39 C. J. S., Habeas Corpus, § 20, pp. 462, *et seq.*

In *In Re Belt*, 159 U. S. 95, 100, 15 S. Ct. 987, 988, 40 L. ed. 88, 90, Chief Justice Fuller said: "The general rule is that the writ of *habeas corpus* will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be

used to correct errors. Ordinarily the writ will not lie where there is a remedy by writ of error or appeal."

Mr. Justice Jackson, in *Brown* v. *Allen*, (February 9, 1953) 344 U. S. 443, 73 S. Ct. 397, 97 L. ed. 469, said in concurring opinion (344 U. S. at p. 541, 73 S. Ct. at p. 427, 97 L. ed. at p. 533): "No state is obliged to furnish multiple remedies for same grievance. Most states, and with good reason, will not suffer a collateral attack such as habeas corpus to be used as a substitute for or duplication of the appeal. A state properly may deny habeas corpus to raise either state or federal issues that were or could have been considered on appeal."

The petitioner seeks to use this habeas corpus proceeding as a substitute for an appeal or writ of error when the time for appeal from the judgment of conviction has long since passed.

It is clear that the commonwealth's attorney who prepared the bill of indictment and the grand jury that returned it intended to charge the petitioner with rape by force. The petitioner was arraigned, tried and convicted for a felony on a plea of not guilty by a felony jury. The court, the petitioner, his counsel and the jury understood and knew that he was being tried for rape, a felony. He was not tried for a misdemeanor and his punishment fixed for a felony. If there had been any question about what he was being tried for he could have demurred or moved to quash the indictment or, after his conviction of rape, moved for an arrest of judgment. He did none of these. It is inconceivable that if, under the circumstances, the petitioner had been acquitted upon his trial or found guilty of an assault and battery that those in authority would have contended that the petitioner could be proceeded against on another indictment charging him with rape by force and against the will of the prosecuting witness.

The indictment complained of did charge an offense and the court had jurisdiction to try the defendant on a charge of rape by force and the power to fix the punishment meted out to the petitioner. Although the indictment was defective, inartificially drawn and voidable, yet if a demurrer, motion to quash or motion in arrest of judgment had not been sustained by the lower court, in that event the most that can be said is that it would have been an error of judicial determination that could be corrected under the peculiar facts of this case only on an appeal or writ of error. *Commonwealth* v. *Beavers*, 150 Va. 33, 37, 38, 142, S. E. 402, 403; *Smyth* v. *White*, 195 Va. 169, 173, 77 S. E. 2d 454, 456.

■ Since there is no requirement under the Constitution of Virginia that a person charged with a felony has to be tried on an indictment and under the statute he may waive indictment, there has been no denial of due process to the petitioner.

For the reasons given the judgment of the lower court, dismissing the petition for a writ of habeas corpus and quashing the writ of *habeas corpus ad subjiciendum* heretofore granted, is

*Affirmed.*