**Richmond**

ROGER D. ABNEY

*v.*

WARDEN, MECKLENBURG CORRECTIONAL CENTER

No. 0238-85

Argued April 9, 1985

Decided August 6, 1985

Counsel

Michael J. Cassidy, for appellant.

Todd E. Le Page, Assistant Attorney General, (Gerald L. Baliles, Attorney General, on brief), for appellee.

Opinion

DUFF, J.—Roger D. Abney appeals from the trial court's denial of his petition for a writ of habeas corpus. On or about February 3, 1984, Abney filed his petition challenging the legality of his detention as a result of conviction of two counts of armed robbery. By order of June 27, 1984, the court denied two of the grounds and ordered a plenary hearing as to the third ground. The hearing was held October 28, 1984, at the conclusion of which the court denied the third ground. This appeal followed. We affirm the trial court's decisions and will discuss the issues in the order presented.

I.

In his first ground of appeal, the petitioner asserts that he was denied the effective assistance of counsel when counsel failed to move for a new trial because of remarks allegedly made by the trial judge. Although there is no recording or transcript of the alleged remarks in the record, petitioner states that upon entering the courtroom, the judge said, "I thought this was going to be a plea." This remark allegedly was made while the jury panel was

in the courtroom. The court dismissed this claim on the allegations in the petition and the bill of particulars.

■ The parties recognize the general rule that the writ of habeas corpus is not a substitute for an appeal. *Slayton* v. *Parrigan,* 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied sub nom., Parrigan* v. *Paderick,* 419 U.S. 1108 (1975); *Brooks* v. *Peyton,* 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969); *Council* v. *Smyth,* 201 Va. 135, 139, 109 S.E.2d 116, 119 (1959). We agree that the rule would apply here if petitioner were attacking directly as error the reputed statement, "I thought this was going to be a plea." The import of his claim, however, is an allegation of ineffective assistance of counsel based upon a missed opportunity for a new jury panel when trial counsel failed to object to the statement. In *Griffin* v. *Cunningham,* 205 Va. 349, 355, 136 S.E.2d 840, 845 (1964), the Supreme Court stated that it was "well settled that the deprivation of a constitutional right of a prisoner may be raised by *habeas corpus.*" Petitioner here contends that his constitutional right to effective counsel was abridged. A prisoner's claim of ineffectiveness of counsel is cognizable in habeas corpus proceedings. Habeas corpus presently is the only procedural means available in Virginia to raise an ineffectiveness of counsel claim. *Walker* v. *Mitchell,* 224 Va. 568, 299 S.E.2d 698 (1983).[1]

In his order of June 27, 1984, the trial judge dismissed the allegation of ineffective assistance of counsel because the petitioner had not alleged facts that showed he was prejudiced as a result of counsel's actions. Under the circumstances, the error, if any, in not allowing petitioner to present this first claim at the hearing was harmless. The record reveals that petitioner was identified by a bank teller as the robber; a photograph of petitioner in the bank was admitted in evidence; he left his checkbook in the bank during the robbery; immediately after the hold-up, he possessed clothing stained by an exploding dye package; and he confessed to the police when apprehended. Petitioner presented no evidence at trial. In short, the evidence of his guilt was overwhelming.

---

[1] Effective July 1, 1985, Code § 19.2-317.1 permits direct appeal of a claim of ineffective assistance of counsel by assignment of error as long as the trial record contains the relevant information.

■ To prevail on a claim of trial counsel ineffectiveness, petitioner must prove that counsel's assistance was not reasonable, considering all the circumstances, and that but for counsel's errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, ___ U.S. ___, 104 S. Ct. 2052, 2067 (1984); *Stokes* v. *Warden*, 226 Va. 111, 118, 306 S.E.2d 882, 885 (1983). As the *Strickland* case stated, in an ineffectiveness of counsel case, the

> ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results. ___ U.S. at ___, 104 S. Ct. at 1069.

In its June 24, 1984, order, the trial court dismissed the first claim because the petitioner had not alleged that he was prejudiced by trial counsel's action.

Petitioner now asks us to infer that the judge's remark was made, that the jury heard and understood the remark, and that prejudice resulted therefrom. Although the better practice would have been to allow petitioner an opportunity to present this first claim at the plenary hearing, we cannot see how, under the circumstances of the case, the summary dismissal requires reversal.

## II.

■ Petitioner next challenges his detention by asserting that the use of the term "rob" in the indictments did not constitute the definite written statement required by Code § 19.2-220. He concedes that the indictments were in the form suggested by Rule 3A:7, Form 5, but contends that they, nonetheless, were insufficient because they did not set out the "means" or specify "intent" to rob. We find no merit in the petitioner's contention in this respect.

As long as the indictments were not so defective so as to deprive the court of jurisdiction to render the judgments of conviction, a petitioner may not collaterally attack the sufficiency of the indictments by a petition for a writ of habeas corpus. *Council* v. *Smyth*, 201 Va. 135, 139, 109 S.E.2d 116, 119-20 (1959).

## III.

■ Two distinct questions are raised by petitioner in his final ground for appeal. He first contends that he was denied his right to appeal because his counsel failed to perfect the appeal. As indicated previously, a plenary hearing was held regarding this point, and testimony taken from both the petitioner and his former counsel. Petitioner's evidence was in conflict with that of counsel. The trial court passed upon the credibility of this conflicting evidence and found that petitioner had been advised of his appellate rights by counsel and that he concurred with counsel that there was little or no chance of prevailing on an appeal. These findings, based upon conflicting evidence, are presumed to be correct, and the burden is upon the petitioner to show that they were wrong. *Phillips* v. *Kiraly,* 200 Va. 345, 350, 105 S.E.2d 855, 859 (1958). Indeed, the circuit judge's findings of fact are binding unless they are unsupported by credible evidence. *Nolan* v. *Peyton,* 208 Va. 109, 112, 155 S.E.2d 318, 321 (1967).

Of final concern is petitioner's assertion that he attempted to mail a notice of appeal to the court while confined in the county detention center. He testified that he attempted to mail the notice on October 3, the Monday after the trial, but long before sentences were imposed. Counsel testified that he met with the petitioner after that date, and at that time, the petitioner manifested a desire not to appeal. The asserted attempt to file a notice of appeal was further called in question because deputies at the Fairfax Adult Detention Center were mandated to follow routine policies for mail handling. Nevertheless, the petitioner's notice of appeal was not received by the court. On this evidence the trial court found, as a matter of fact, that the petitioner had failed to carry his burden of proving by a preponderance of the evidence that he had attempted to mail a notice of appeal. We concur with this finding.

Accordingly, for the reasons set out, we find no error in the rulings of the trial court, and the judgment appealed from is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.