## CIRCUIT COURT OF WISE COUNTY

Tommy J. Swiney

v.

W. P. Rogers, Warden

June 24, 1987

Case No. L86-105

By JUDGE J. ROBERT STUMP

Tommy J. Swiney filed this petition for writ of Habeas Corpus against W. P. Rogers, Warden of Powhatan Correctional Center, alleging constitutional violations due to a conviction of first degree murder and a sentence of life imprisonment ordered in the Circuit Court of Wise County. Counsel for petitioner filed an amended petition. Respondent filed a motion to dismiss, and the matter was orally argued by telephone and briefed without an evidentiary hearing.

The court has considered the trial record and transcript; transcript of a prior trial, wherein the court granted petitioner's motion for a mistrial; petitioner's brief in the Virginia Supreme Court on direct appeal; pleadings herein; and makes the following findings of fact and conclusions of law.

### Denial of Speedy Trial (a), (d)

(a). This allegation must have been raised at trial and/or on direct appeal, and not in a petition for a writ of habeas corpus. *Slayton v. Parrigan*, 215 Va. 27 (1974).

The Circuit Court record shows that a probable cause hearing for petitioner was held on December 19, 1980, he was indicted January 19, 1980, and was tried and convicted on May 14, 17, and 18, 1982; petitioner requested a continuance at four separate terms of court; on motion of petitioner, a mistrial was granted at another term of court; and there are forty-nine chargeable days to the Commonwealth. Pursuant to § 19.2-243, if the defendant is continuously held in custody more than five months from the date probable cause was found until the Circuit Court trial date, he shall be forever discharged from prosecution. But the provisions of this section shall not apply to such period of time when the accused is granted motions for continuance. Therefore, petitioner's allegation of denial of a speedy trial is unfounded.

(d). Petitioner's additional allegation in his original petition that his counsel was ineffective for failure to plead denial of speedy trial is therefore also without merit.

### Prosecutorial Misconduct and Double Jeopardy (b), (c), (d)

(b), (c). These allegations must have been raised at trial and/or on direct appeal, and not in a petition for a writ of habeas corpus. *Slayton v. Parrigan, supra.*

The facts disclose that during the first jury trial on February 2, 1982, the Commonwealth's Attorney paid for a juror's lunch. A female juror, who had lost her purse, in the presence of other jurors at lunch handed the prosecutor her dinner check and asked him to pay it. The prosecutor was "stunned," and said, "I didn't know what to say," but he gave the check to the cashier and told her to "Put this on my bill." These facts were immediately disclosed to the court after lunch. Petitioner's counsel, after saying, "I've discussed this with my client,"

moved for a mistrial, which was granted and the case was continued for defendant until the next term.

There was clearly no intentional prosecutorial misconduct, since the prosecutor was confronted with an unsolicited situation that he was damned if he did and damned if he didn't pay for the juror's lunch, and immediately disclosed these facts to the court. Petitioner's counsel, after discussing these actions with petitioner, voluntarily moved for a mistrial. Petitioner cannot now claim double jeopardy. *U.S. v. Scott*, 437 U.S. 82 (1978); and *Harris v. Commonwealth*, 222 Va. 205 (1981).

(d). Petitioner's additional allegation in his original petition that his counsel was ineffective for failure to plead double jeopardy is therefore also without merit.

Furthermore, petitioner and his attorney showed good common sense in requesting a mistrial since the juror(s) would possibly have been more favorable to the prosecutor, who had paid for her lunch. Under the circumstances, it was in the best interest of petitioner to seek another unbiased jury rather than to proceed with this "tainted" jury. Clearly, petitioner benefited from the mistrial, was not prejudiced, and proved that his counsel was more effective in his representation of petitioner. *Stockton v. Commonwealth*, 227 Va. 124, 141 (1984).

*Prosecutorial Misconduct*
*Failure of Prosecutor to Disclose*
*Exculpatory Evidence - I(a), (b)*

I(a), (b). Again, these allegations must have been raised at trial and/or on direct appeal, and not in a petition for a writ of habeas corpus. *Slayton v. Parrigan*, *supra*.

I(a). Petitioner alleges that pursuant to his attorney's motion for exculpatory evidence the prosecutor failed to disclose the alleged confession of the murder of the victim by another person, not the petitioner. But counsel was sent a letter dated February 20, 1981, from the prosecutor divulging this confession and in fact knew about this alleged confession by another party as early as August 5, 1980, prior to trial on May 14, 1982 (See tr. p. 298). Also, petitioner presented witnesses at trial creating a jury factual issue that another person (not the petition-

er) confessed to the murder of the victim. Since petitioner's counsel had knowledge of the confession prior to trial and presented this evidence to the jury, petitioner has not been prejudiced, and his allegation of ineffective assistance of counsel is unfounded.

I(b). Petitioner alleges that blood and fingerprints at the murder scene did not match the petitioner and was not disclosed by the prosecutor. However, petitioner's counsel had this information prior to trial, (See tr. p. 95, 100), and properly presented this factual issue to the jury. (See tr. p. 292.)

Further, this allegation was raised on direct appeal to the Virginia Supreme Court and is now barred in this habeas corpus petition. *Hawks v. Cox*, 211 Va. 91 (1970). Therefore, these allegations are unfounded.

## Ineffective Assistance of Counsel

II(a). Petitioner alleges that his counsel was ineffective in allowing a stipulation that notes of investigative officer Phillips (deceased at time of trial) could be read and testimony be given from a second officer Wells, who did not make the notes. In fact, the trial court ruled that officer Wells could not refresh his memory from the deceased officer's notes. This attempt by petitioner's counsel to impeach officer Wells was properly not allowed by the court. Subsequently, during trial, officer Hill, who had processed the fingerprints (the point at issue which petitioner sought to introduce), did in fact testify favorably for the petitioner by saying that the fingerprints at the murder scene were not those of petitioner. Therefore, there was no prejudice to petitioner, and this allegation is unfounded.

## Defective Indictment

III. Again, this allegation must have been raised at trial and/or on direct appeal, and not in a petition for a writ of habeas corpus. *Slayton, supra.*

Further, there is no merit to this allegation in that Virginia's requirement that felony prosecutions proceed by indictment is only statutory and may be waived. *Scales v. Commonwealth,* 214 Va. 728 (1974). There is no

constitutional right to an indictment. *Forester v. Commonwealth*, 210 Va. 764 (1970). Since the indictment is not a jurisdictional defect, *Council v. Smyth*, 201 Va. 135 (1959), the failure to object at trial is a waiver of any defects in the indictment.

Furthermore, it is no longer required in the Constitution that the phrase "against the peace and dignity of the Commonwealth" be included in an indictment. This phrase no longer appears in the indictment forms. See Rule 3A:6. Further, there is no prejudice to the petitioner. Therefore, this allegation is without merit.

*Ineffective Assistance of Counsel*

II(b). It is not ineffective assistance of counsel for an attorney to fail to raise nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983). Petitioner's counsel in his amended petition alleges that counsel "failed to adequately prepare and raise all necessary issues on appeal." This is a vague conclusion. The court will hold decision in this case until July 31, 1987, so that counsel may amend the petition a second time, if he be so advised, making specific allegations of ineffective representation of counsel not inconsistent with the court's rulings above.