COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


AMANULLAH KAHALIQI, S/K/A
 AMANULLAH KHALIQI
                              MEMORANDUM OPINION* BY
v.    Record No. 1611-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                              APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                     William D. Hamblen, Judge

          William E. Hassan (Duvall, Harrigan, Hale &
          Hassan, P.L.C., on briefs), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Amanullah Kahaliqui (appellant) pled guilty to intentionally

making a false report to a law-enforcement official with intent to

mislead, in violation of Virginia Code § 18.2-461.  In this

collateral attack appellant contends that his conviction is void

because the indictment was insufficient to state a criminal act.

We disagree and affirm his conviction.

                              I.

     Appellant was indicted for a violation of Code

§ 18.2-308.2:2, which makes it unlawful to willfully and

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

intentionally make a false statement on a form required to purchase a firearm. On September 23, 1996, appellant appeared for trial. The Commonwealth moved to amend the indictment[1] to read:

> THE GRAND JURY for the 31st Judicial Circuit comprising the County of Prince William and the Cities of Manassas and Manassas Park, charges that on or about December 16, 1995, in the aforesaid Judicial Circuit, the accused, AMANULLAH KAHALIQI, did <u>willfully and intentionally make a false report to a law-enforcement official with intent to mislead, in violation of Virginia Code Section 18.2-461</u>.

(Emphasis added). The trial court inquired of appellant's counsel, "you have no objection to the proposed amendment[?]" Appellant's counsel responded, "Not at all, Your Honor." The trial court granted the Commonwealth's motion to amend the indictment.

Appellant was arraigned and pled guilty after consulting with counsel. The trial court determined that "the defendant fully understood the nature and effect of said plea and of the penalties that may be imposed upon a conviction . . . and determined that

---

[1] The original indictment read:

> THE GRAND JURY for the 31st Judicial Circuit, comprising the County of Prince William and the Cities of Manassas and Manassas Park, charge that on or about December 16, 1995, in the aforesaid Judicial Circuit, the accused, AMANULLAH KAHALIQI, did willfully and intentionally make a false statement on the consent form required to purchase a firearm, in violation of Virginia Code Section 18.2-308.2:2.

-

the plea of GUILTY was given voluntarily."  The trial court found appellant guilty and sentenced him in accord with a recommendation by the Commonwealth.

On April 6, 2000, appellant filed a Motion to Vacate and Dismiss the conviction, alleging that the trial court lacked subject matter jurisdiction because the amended indictment failed to state a crime.  The trial court found appellant's "motion utterly void of any legal merit."

## II.

The sole issue raised in this appeal is whether the appellant can now collaterally attack his conviction because the amended indictment failed to state an offense.  The indictment at issue stated that appellant "did willfully and intentionally make a false report to a law-enforcement official with intent to mislead, in violation of Virginia Code Section 18.2-461."  The applicable statutory section provides that "[i]t shall be unlawful for any person (i) to knowingly give a false report <u>as to the commission of any crime</u> to any law-enforcement official with intent to mislead."  Code § 18.2-461 (emphasis added).  Thus, appellant contends the indictment failed to charge that the false report concerned the commission of a crime.

"Judgment in any criminal case shall not be arrested or reversed upon any exception or objection <u>made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution</u>."  Code § 19.2-227

-

(emphasis added).  Thus, if the trial court "had jurisdiction of the person and the crime charged, and if the punishment imposed is of the character prescribed by law, a writ of habeas corpus does not lie . . . for mere irregularities or insufficiency of an indictment no matter how vulnerable to direct attack on motion to quash."  Council v. Smyth, 201 Va. 135, 139, 109 S.E.2d 116, 119-20 (1959).  "As long as the indictments were not so defective so as to deprive the court of jurisdiction to render the judgments of conviction, a petitioner may not collaterally attack the sufficiency of the indictments."  Abney v. Warden, Mecklenburg Correctional Center, 1 Va. App. 26, 29, 332 S.E.2d 802, 804 (1985).  Appellant cannot use a collateral attack "as a substitute for an appeal or writ of error when the time for appeal from the judgment of conviction has long since passed."  Council, 201 Va. at 140, 109 S.E.2d at 120.

The function of an indictment is "to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend" himself.  Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990) (citations omitted).  Therefore, Code § 19.2-220 requires an indictment to be a "plain, concise, and definite written statement . . . describing the offense charged."  The indictment must describe as much of the offence "as is sufficient to advise [the accused] what offense is charged."  Code § 19.2-220.  Rule 3A:6(a) requires "the indictment or information, in describing

-

the offense charged, shall cite the statute or ordinance that defines the offense."

Appellant contends that Wilder v. Commonwealth, 217 Va. 145, 225 S.E.2d 411 (1976),[2] controls the outcome of this case. In Wilder the statutory section under which defendant was charged dealt with "the acts of Taking a credit card, Obtaining a credit card, Withholding a credit card, and Receiving a credit card" while the "challenged indictment charged defendant with 'possession' of stolen credit cards." Wilder, 217 Va. at 147, 225 S.E.2d at 413. The Supreme Court explained, "in the context of subsection (a) possession is not synonymous with taking, obtaining, withholding, or receiving. While possession may Result from any of the foregoing acts, the subsection deals with the Manner in which possession is acquired and not with possession alone." Id. Therefore, the court held that "a charge of mere possession of a stolen credit card is not sufficient to state the offense of credit card theft under subsection (a)." Id. Nor could the reference to the statute save the indictment because "such references support, but do not replace, the 'definite written statement.'" Id. at 148, 225 S.E.2d at 413 (emphasis added).

---

[2] We note that the indictment in Wilder was challenged on a direct appeal whereas the indictment in the instant case is being challenged in a collateral attack.

-

In Wall Distributors, Inc. v. City of Newport News,[3] the Supreme Court of Virginia distinguished Wilder from the situation where an element of the crime was omitted from the "definite written statement."  In Wall, the indictment alleged that defendant possessed with intent to sell obscene magazines in violation of the local statute.  However, the indictment did not allege that defendant knowingly possessed the magazines as required by the ordinance.  The Court emphasized the indictment in Wilder was invalid because "the statutes proscribed criminal conduct different in kind from that charged in the indictment," therefore, the citation to the statute could not save the indictment because it would require the citation to replace the written statement and not simply support the statement.  See Wall, 228 Va. 358, 363, 323 S.E.2d 75, 77 (1984).  However, in Wall the Court stated that the required citation "is not mere surplusage but is inextricably included as a definitive part of the indictment[]."  Id. at 363, 323 S.E.2d at 78.  The Court held that the "inference to be drawn from th[e] provision [requiring a cite to the statute] is clear -- the incorporation [into the indictment] by reference of a statute or ordinance is

---

[3] We note that the indictment in Wall was also challenged on a direct appeal whereas the indictment in the instant case is being challenged in a collateral attack.

-

contemplated." [4]   228 Va. at 362, 323 S.E.2d at 77.  Thus, the

"written statement[] gave information as to what offense was

being charged and incorporated by reference the complete

definition[, including the omitted element,] contained in the

ordinance."  Wall, 228 Va. at 363, 323 S.E.2d at 78.  In so

holding, the Court emphasized that unlike Wilder, "[t]here can

be no misunderstanding as to what the indictments charged.

Supported by reference to the ordinance, the indictments

satisfied the requirement of a definite written statement."

Wall, 228 Va. at 363, 323 S.E.2d at 77-78 (emphasis added).

Therefore, where the "definite written statement" and the

statutory citation charge the same crime, but an element is

---

[4] Wall discusses Rule 3A:7(a).  Rule 3A:7(a) was renumbered and amended in 1984 to Rule 3A:6(a).  However no substantive changes regarding citation to the statute were made in amending the Rule; both versions contain the same requirements regarding citation to the statute.

Old Rule 3A:7(a) provided that:  the indictment must contain a statement "citing the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense . . . . Error in the citation of the statute or ordinance that defines the offense or prescribes the punishment therefore, or omission of the citation, shall not be ground for dismissal or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused I preparing his defense."

Rule 3A:6(a) provides:  "The indictment or information, in describing the offense charged, shall cite the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense. Error in the citation of the statute or ordinance that defines the offense or prescribes the punishments therefore, or omission of the citation, shall not be grounds for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense."

-

missing, the cite to the statute supports the "definite written statement" by incorporating the complete definition of the crime.

Additionally, an indictment lacking an element of the crime charged is not void and relief will not lie if appellant did not object to the indictment prior to the verdict if the appellant was "fully aware of the 'cause and nature' of the offense for which [he] was being tried and of which he was convicted." McDougal v. Commonwealth, 212 Va. 547, 549, 186 S.E.2d 18, 20 (1972) (citing Forester v. Commonwealth, 210 Va. 764, 767, 173 S.E.2d 851, 854 (1970)) (indictment charging statutory burglary failed to allege that entry was made in the nighttime did not void the indictment). The instant case is distinguishable from Wilder and similar to Wall. Unlike Wilder, the statute cited in the indictment now before us proscribes criminal conduct of the kind charged in the indictment. The written statement merely neglected an element, as the indictment in Wall did. Thus, Wall is more similar than Wilder to the instant case.

We find no merit in appellant's argument that the indictment under which he pled guilty was so defective as to be in violation of the Constitution. At trial, appellant did not object to the Commonwealth's motion to amend the indictment from a validly charged felony to the agreed misdemeanor under Code § 18.2-461. He pled guilty to making a false report to a law-enforcement officer. The trial court determined that

-

appellant "fully understood the nature and effect of said plea and of the penalties that may be imposed upon a conviction." Petitioner did not raise any question as to the validity of the indictment until three years and four months after the trial court found him guilty. While the indictment was not expertly drawn and its language did not mirror exactly the language in the statute, the language of the indictment was supported by the citation to the code section which incorporated the statutory definition. Thus, the indictment was sufficiently clear to give appellant notice of the offense charged. The trial court had jurisdiction of his person and the crime charged. His plea of guilty was to making a false statement regarding the commission of a crime to a law-enforcement officer, and his conviction was of that offense. Appellant was fully aware of the nature of the offense for which he was being tried and of which he was convicted. "Under such circumstances, no constitutional right of the accused was invaded." Smyth v. White, 195 Va. 169, 173, 77 S.E.2d 454, 456 (1953); see also Pettus v. Peyton, 207 Va. 906, 910, 153 S.E.2d 278, 281 (1967). Accordingly, we affirm appellant's conviction.

Affirmed.