## Richmond

LEO FRANKLIN FORESTER v. COMMONWEALTH OF VIRGINIA.

April 27, 1970.

Record No. 7212.

Present, All the Justices.

*Jack B. Stevens (Howard, Stevens, Westerman, Lynch & Howard,* on brief), for plaintiff in error.

*Anthony F. Troy, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Leo Franklin Forester was convicted, after a waiver of the right of trial by jury, by the Circuit Court of Prince William County of a violation of the Drug Abuse Control Act[1] and sentenced to a term of 18 months in the state penitentiary. We granted a writ of error and supersedeas.

The evidence shows that Forester stopped at a gas station in Wood-

---

[1] Code § 54-466.3 to § 54-446.13 inclusive.

bridge, Virginia, on June 7, 1968. He engaged in a conversation with the attendant, Bruce Warren Smith, age 19, who complained about a loss of sleep and fatigue. Forester laid three capsules on the office desk where he and Smith were standing and told him that they would enable him to stay awake. Smith accepted the capsules and Forester drove away in his automobile.

Smith reported this incident to the police by telephone and a short time later a deputy sheriff came to the gas station to make an investigation. Smith gave the officer an account of the occurrence and delivered the three capsules to the officer.

Forester was arrested later that same day and a search of his car produced nine other capsules identical to those which he had given Smith. The pertinent portions of the warrant of arrest charged that ". . . Leo F. Forester did unlawfully and feloniously in violation of Sections 54-446.10 and 54-446.4 (b) Item 2 Code of Virginia as amended 1950 did deliver or dispense a prescription drug to one Bruce Smith, Woodbridge, Virginia . . ."

An indictment was returned by the Prince William County grand jury charging that ". . . on June 7, 1968, . . . Leo Franklin Forester did unlawfully and feloniously deliver or dispense a prescription drug without authority . . ."

At the preliminary hearing on August 8, 1968, certificates of analysis by Delbert T. Agee, a chemist for the Virginia Department of Agriculture, were admitted in evidence pursuant to the provisions of Code § 54-446.12. These certificates showed that the capsules delivered by Smith to the police officer and the capsules seized at the time of Forester's arrest ". . . responded positively to the qualitative test for amphetamine sulphate, a stimulant drug. This drug requires a prescription."

At Forester's trial the chemist, Agee, appeared and testified that his analysis showed amphetamine sulphate present in both of the samples submitted to him for testing. He further testified that such drug requires a prescription.

After verdict was pronounced, Forester made an oral motion in arrest of judgment and to dismiss the felony charge for failure of the indictment to state an offense. This motion was denied.

Subsequently written motions in arrest of judgment were filed by Forester which were likewise denied by the court.

The first question which we must consider is whether the indictment fails to charge an offense prohibited and punishable by law so as to be subject to attack on a motion in arrest of judgment.

The Virginia statute of jeofails, Code § 19.1-165, provides:

"Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution."

Article 1 § 8 of the Constitution of Virginia provides:

"That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation . . . ."

"While the Constitution guarantees to every man the right to demand 'the cause and nature of his accusation,' it does not prescribe the manner in which this demand shall be complied with. It does not require that it shall be by indictment, or in any other prescribed manner. It may be by presentment or information, or in any other manner the legislature may provide. Furthermore, the right guaranteed by the Constitution is the right to demand 'the cause and nature of his accusation.' If he does not choose to demand it, he is under no obligation to do so. It is a right that he may waive if he chooses, and which he will be held to have waived unless he asserts it." *Pine* v. *Commonwealth*, 121 Va. 812, 834-35, 93 S.E. 652, 659 (1917).

"There is no constitutional requirement in Virginia that prosecutions for felony be by indictment. The requirement is only statutory and may be waived. *Livingston* v. *Commonwealth*, 184 Va. 830, 36 S.E.(2d) 561; Code 1950, § 19-133. If a defendant may legally waive an indictment and be tried for a felony without any indictment at all, it seems clear that his constitutional rights are not violated by requiring that if he questions the validity of an indictment that is made he shall do so before he goes to trial on a plea of not guilty and is convicted." *Bailey* v. *Commonwealth*, 193 Va. 814, 822, 71 S.E.2d 368, 372 (1952).

Code § 19.1-176 provides:

"At any time before the defendant pleads a defective indictment for treason or felony may be amended by the court before which trial is had in any manner that does not change the character of the offense charged. After such amendment has been made the defendant shall be arraigned on the indictment as

amended and the trial shall proceed as if no amendment had been made; but if such amendment operates as a surprise to the defendant he shall be entitled, upon request, to a continuance of the case."

This remedial statute was first adopted during the 1919 revision of the Code as § 4877.

In construing this statute we said in *Puckett* v. *Commonwealth*, 134 Va. 574, 585, 113 S.E. 853, 856 (1922):

". . . It appears from the Revisors' note to this section that it was intended to, and, by fair construction, we think it does, authorize, before the general issue is pleaded, any amendment of the indictment which does not change the nature of the offense charged. Thus the accused is given timely and ample opportunity to avail himself of his constitutional right aforesaid to be informed of the nature and cause of the accusation against him. That satisfies such constitutional requirement. If he does not exercise this right when he should, in conformity with the reasonable and orderly procedure provided by statute, namely, 'before he pleads'—meaning before he pleads putting himself upon his trial on the merits—he must be taken to have waived such right and, under the procedure put in force by the statute under consideration, it is too late for him afterwards to claim such right by motion in arrest of judgment . . . ."

In these circumstances, where no question of the validity of the indictment was raised before verdict, we hold that the defendant, while imperfectly charged, was sufficiently charged by the indictment with the offense and has waived his right to be more fully advised of "the cause and nature of his accusation."

Our views in this respect are further strengthened after a review of the evidence and incidents of trial. It is obvious that the defendant, the Commonwealth and the court all were fully aware of the "cause and nature" of the offense for which the defendant was being tried and of which he was convicted. Forester had a fair trial on the merits.

■ Forester's next contention is that the evidence is insufficient to sustain his conviction of a felony because the Commonwealth failed to prove his age.

Under Code § 54-446.11 a first violation of the Drug Abuse Control Act constitutes a misdemeanor. However the Code section further provides ". . . any person who having attained his eighteenth birthday, violates paragraph (2) of § 54-446.10 by selling, delivering or otherwise disposing of any depressant or stimulant drug to a person who has not attained his twenty-first birthday shall be deemed guilty of a felony. . . ."

Thus in order to elevate the offense to a felony, it was necessary for the Commonwealth to prove that Forester had attained his eighteenth birthday.

The only evidence introduced pertaining to Forester's age was the testimony of Deputy Sheriff Diezel who testified that he ascertained Forester's age when he booked him but that he could not remember his age at the time of the trial. When asked if he knew whether Forester was over the age of twenty-one, Deputy Diezel replied, "Yes."

Forester contends that this testimony is insufficient proof that he had attained his eighteenth birthday.

The record shows, however, that Forester failed to raise any question as to the sufficiency of the proof of his age in the trial court. We hold that he is not entitled to raise the question for the first time in this court. Rule 1:8, Rules of Court; *Wash* v. *Holland*, 166 Va. 45, 54, 183 S.E. 236, 240 (1936); *Nationwide Mutual Insurance Company* v. *Tuttle*, 208 Va. 28, 31, 155 S.E.2d 358, 360 (1967).

For these reasons the judgment below is affirmed.

*Affirmed.*