## Richmond

JAMES ALEXANDER McDOUGAL v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7717.

Present, All the Justices.

*Kenneth R. Klaffky*, for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

James Alexander McDougal was found guilty of statutory burglary by a jury and sentenced to 12 months in jail and fined $500. The uncontradicted evidence is that defendant entered a service station in Hopewell at 1:45 A. M. on July 23, 1970. Although entry was obtained without breaking, the defendant had no permission to enter. A cash register was damaged in what appeared to be an attempt to pry open its money drawer.

Immediately after the occurrence defendant was arrested on a warrant which charged him with unlawfully and feloniously entering the service station in the nighttime with the intent to commit larceny therein. A preliminary hearing was held and the case certified to the grand jury. The grand jury returned an indictment which charged, in part:

"that JAMES ALEXANDER McDOUGAL on the 23rd day of July, 1970 in the City of Hopewell, a certain storehouse belonging to Wesley Garrett, t/a Garrett's Esso Station, said storehouse not then and there being a dwelling house or outhouse adjoining thereto or occupied therewith, situated in the City of Hopewell, unlawfully and feloniously did enter with intent the goods and chattels of the said Wesley Garrett, t/a Garrett's Esso Station, in the said storehouse then and there being, then and there unlawfully and feloniously did enter with the intent to commit larceny therein. . . ."

The defendant was tried by a felony jury of 12 persons. At the conclusion of the Commonwealth's case defendant moved the court "to strike the evidence as to the felony of statutory burglary". The motion was denied. Defendant introduced no evidence and did not testify, but renewed his motion to strike, which was again denied. The jury was instructed and, following argument of counsel, returned its verdict finding defendant guilty of statutory burglary. The defendant then moved to set aside the verdict on the ground "that the indictment was insufficient as a matter of law to sustain the verdict for the crime of statutory burglary".

The defendant assigns as error the action of the trial court in overruling his motions. He contends that his conviction should be reversed because the indictment does not charge statutory burglary in that it failed to allege that his entry into the service station was made in the nighttime.

Our decision here is controlled by *Forester v. Commonwealth*, 210 Va. 764, 173 S. E. 2d 851 (1970). There the defendant claimed that the indictment under which he was tried and convicted failed to charge an offense prohibited and punishable by law. However, Forester did not attack the indictment until after the verdict was pronounced, at which time he made a motion in arrest of judgment. The motion was denied and on direct appeal we affirmed and said:

"In these circumstances, where no question of the validity of the indictment was raised before verdict, we hold that the defendant, while imperfectly charged, was sufficiently charged by the indictment with the offense and has waived his right to be more fully advised of 'the cause and nature of his accusation.'

"Our views in this respect are further strengthened after a, review of the evidence and incidents of trial. It is obvious that the

defendant, the Commonwealth and the court all were fully aware of the 'cause and nature' of the offense for which the defendant was being tried and of which he was convicted. Forester had a fair trial on the merits." 210 Va. at p. 767, 173 S. E. 2d at p. 854.

*See also Council* v. *Smyth,* 201 Va. 135, 109 S. E. 2d 116 (1959); *Cunningham* v. *Hayes,* 204 Va. 851, 134 S. E. 2d 271 (1964); and *Henson* v. *Commonwealth,* 208 Va. 120, 155 S. E. 2d 346 (1967).

In the instant case the defendant was arrested on a warrant which charged him with unlawfully and feloniously entering a service station in the nighttime with intent to commit larceny. The crime alleged was statutory burglary. The indictment returned by the grand jury charged felonious entry but failed to charge that entry was made in the nighttime. The jury which was impaneled was a felony jury. The jury was instructed on both the offense of statutory burglary and criminal trespass. The verdict of the jury specifically found the defendant guilty of statutory burglary and it is supported by the evidence.

The agreed statement of facts shows that the motions made prior to the verdict were "to strike the evidence as to the felony of statutory burglary". They did not question the sufficiency of the indictment, only the sufficiency of the evidence. It was after the jury had returned a verdict that defendant questioned the sufficiency of the indictment and this he did in a motion to set aside the verdict.

It is manifest from the record in this case that the court, the jury, the Commonwealth's Attorney, the defendant and his counsel were all fully aware that McDougal was being tried for statutory burglary. They were apprised of the cause and nature of the offense of which he was accused and convicted. McDougal had a fair trial on the merits of his case. Defense counsel, having failed to question the form or validity of the indictment, or any defect or omission therein, before the verdict, we hold that defendant waived his right to be more fully advised of "the cause and nature of his accusation". The judgment of the court below is

*Affirmed.*