David Jerome HUNT, Petitioner,

v.

Captain A. B. HAGA, Superintendent
Patrick Henry Correctional Unit,
Respondent.

Civ. A. No. 73-C-127-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 6, 1973.

R. Roy Rush, Roanoke, Va., for petitioner.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

David Jerome Hunt, who is being detained in the Patrick Henry Correctional Unit, Ridgeway, Virginia, brings this case before the court upon a petition filed *in forma pauperis* for a writ of habeas corpus. Hunt is being detained pursuant to a judgment of the Circuit Court of the City of Roanoke (formerly the Hustings Court of the City of Roanoke), Virginia, of May 3, 1972, wherein he was convicted of robbery and sentenced to twenty years in the Virginia State Penitentiary.

Petitioner appealed his conviction to the Virginia Supreme Court by way of a petition for a writ of error, which was denied and dismissed by an order entered December 7, 1972.

Petitioner now attacks the validity of his robbery conviction on three grounds:

(a) That the evidence of the Commonwealth's witnesses was conflicting.

(b) There was insufficient evidence to support a conviction of robbery.

(c) There is a variance between the indictment and the facts actually proved at petitioner's trial, which makes the conviction unconstitutional.

As to the third of petitioner's grounds, he alleges that the indictment charged him with "robbery by force"; however, the records from petitioner's proceedings in the state courts show that the indictment simply charged him with "robbery" and made no reference to the fact that the robbery was by force or otherwise. Robbery, under Virginia law, is a common law crime. While § 18.1–91 of the Code of Virginia, as amended in 1966 (1973 Cum.Supp.), under which petitioner was indicted, fixes the punishment for robbery, it does not define it. The common law, in effect in Virginia, defines robbery as "the taking with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Smith v. Cox, 435 F.2d 453, 456 (4th Cir. 1970), citing Pierce v. Commonwealth, 205 Va. 528, 138 S.E.2d 28, 31 (1964). See also Mason v. Commonwealth, 200 Va. 253, 105 S.E.2d 149 (1958). Petitioner's counsel, appointed by order of this court on October 18, 1973, maintains that the indictment is faulty because it "failed to inform the petitioner of the form or the fact of violence charged." No objection to the form of the indictment was made in the trial court, and this court is unable to ascertain any evidence in the record that petitioner or his counsel were under any misapprehension as to the fact that petitioner had been indicted for robbery.

Even though this contention concerning the indictment has not been presented in any fashion by petitioner to the Supreme Court of Virginia, this court will note that that court has resolved a similar issue in recent cases before it in such a manner as would likely preclude any favorable disposition of it in favor of petitioner. See McDougal v. Commonwealth, 212 Va. 547, 186 S.E.2d 18 (1972) and Forester v. Commonwealth, 210 Va. 764, 173 S.E.2d 851 (1970), which hold that the failure to raise the validity of an indictment before verdict constitutes a waiver of any right to be more fully advised of the cause and nature of the accusation. This circumstance excuses non-exhaustion of this particular issue, since the state remedy would be ineffective if petitioner were forced to pursue it, and allows this court to consider and determine the issue on its merits. Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964).

As the indictment charged that petitioner "did rob one Phillip Lee Ridenhour of U.S. currency in the amount of $50.00" and cited to § 18.1–91 of the Code of Virginia, and since this court can find absolutely no indication in the record that petitioner or his counsel were mislead thereby as to the nature of the offense for which petitioner was being tried, this court must hold that release on habeas corpus on this point is precluded. See, e. g., Hayes v. Peyton, 364 F.2d 303 (4th Cir. 1966), cert. denied, 385 U.S. 981, 87 S.Ct. 530, 17 L.Ed.2d 442 (1966); Claytor v. Slayton, 342 F. Supp. 767 (W.D.Va.1972); Hale v. Cox, 336 F.Supp. 1364 (W.D.Va.1972).

The only allegation in petitioner's appeal to the Supreme Court of Virginia related to the sufficiency of the evidence presented to the trial court. Consequently, the remainder of petitioner's alleged grounds for habeas corpus relief herein can be considered by this court only insofar as they relate to this allegation. 28 U.S.C. § 2254, as construed by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner's conviction arose out of these circumstances: On the afternoon of February 16, 1972, in the City of Roanoke, Phillip Lee Ridenhour, then eighteen years old, while collecting on his newspaper route in a residential neighborhood, was approached by petitioner who also was eighteen at the time, and a group of at least six other youths, one of whom asked Ridenhour for some money. Petitioner admits that he thereupon struck Ridenhour, and after this the other youths began to pummel Ridenhour also. Ridenhour was forced to the sidewalk, where he was beaten and kicked by members of the group. Two witnesses, one of whom had summoned the police, testified that they saw the attack and beating. Ridenhour testified that petitioner brandished a gun. (Tr. 5) One of the witnesses also stated that petitioner pointed a gun at Ridenhour. (Tr. 25) Ridenhour testified that he had approximately fifty dollars in bills in his shirt pocket, which fell to the ground as he was being beaten. Ridenhour could not determine which of his attackers picked up the money, but he "saw their hands going down" to pick it up, and when he looked as he got up, there was no money on the ground. (Tr. 5, 6, 10, 11, 13) The youths continued to beat Ridenhour until a neighborhood resident came out of her house and yelled at the boys and they ran off.

■ Petitioner's main contention seems to be that Ridenhour could not actually identify petitioner as having grabbed any of the money, that neither of the witnesses saw him take it, and that there was no evidence presented at the trial that any of the money was ever found. Be this as it may, as it relates to the presence of sufficient evidence meriting a conviction of robbery, it is irrelevant as far as this court is concerned, as all of the necessary common law elements have been established by testimonial evidence of one sort or another. It was established that petitioner participated in the robbery by being with a group of boys, one of whom asked the victim for some money, by being the one who initiated the physical attack, by brandishing a gun, and by fleeing from the scene of the crime as part of the group which picked up the money after it had been knocked from the victim's pocket. Even if petitioner was not a party to the actual asportation of the money, he was clearly an aider and abettor and as such is liable as a principal. See Pierce v. Commonwealth, supra, 138 S.E.2d at 32. The fact that neither witness saw any money being taken is not totally inexplicable. One witness testified that the way Ridenhour was surrounded by the youths she could not see whether they were taking his money or not, and she stopped watching the beating at one point to call the police. (Tr. 26) The other witness stated that there were too many boys around Ridenhour to see if any of then took any money. (Tr. 19–20) Under these circumstances, the trier of fact could reasonably infer that the money was actually taken as Ridenhour testified, and that petitioner was at least an aider and abettor to the taking.

■ Therefore, as to petitioner's allegation that the evidence presented to the trial court was conflicting and insufficient, this court must hold that it is not a ground for habeas corpus relief. "When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all." Williams v. Peyton, 414 F.2d 776, 777 (4th Cir. 1969), cited in Holloway v. Cox, 437 F.2d 412, 413 (4th Cir. 1971). Furthermore, the probative strength of the evidence is not in issue. Williams v. Peyton, supra. Applying this test to the instant case, this court does not find the record so lacking in evidence of petitioner's participation in a robbery, as defined in Virginia, that his conviction is constitutionally precluded.

■ In his "memorandum of counsel for petitioner,"[1] Hunt's counsel contends that even if the conviction was proper,

---

1. Hunt's petition was not amended to include this ground.

the sentence of twenty years is too severe, as petitioner was but eighteen years old, had never been convicted of a felony previously, and acted as one of a group of youths. Even though the sentence does seem excessive, this court is powerless to afford any relief. The twenty-year sentence is within the five years to life term permissible under § 18.1–91 of the Code of Virginia for robbery, and "federal courts have no right to review any sentence of a state court which does not exceed the statutory maximum sentence which may be imposed under the laws of the state." Stevens v. Warden, Maryland Penitentiary, 382 F.2d 429, 433 (4th Cir. 1967), cert. denied, 390 U.S. 1031 (1968). *See also* Wright v. Maryland Penitentiary, State of Maryland, 429 F.2d 1101 (4th Cir. 1970).

For the above reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.