## Richmond

FRANK D. SWART v. COMMONWEALTH OF VIRGINIA.

June 10, 1974.

Record No. 730767.

Present, Snead, C.J., I'Anson, Harrison, Cochran, Harman and Poff, JJ.

*Frank D. Swart, pro se.*

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Frank D. Swart appeals his conviction by the trial court, sitting without a jury, of hunting rabbits with a .22 caliber pistol in violation of the game laws.

At the time of trial, in response to Swart's request, the Commonwealth's Attorney specified that Code § 29-140 (Repl. Vol. 1973) was the statute under which Swart was charged. This statute permits the hunting of game animals with pistols in counties west of the Blue Ridge Mountains but prohibits the use of cartridges containing bullets smaller than .23 caliber. The Commonwealth's Attorney further relied on Code § 29-161 (Repl. Vol. 1973), which makes game law violations misdemeanors and prescribes applicable penalties. No reference was made to Code §

29-143(k) (Repl. Vol. 1973), which expressly makes unlawful the hunting of any wild animal except as specifically permitted by law and only by the manner or means prescribed.

Swart contends that he could not be convicted of any crime under Code § 29-140. We do not agree. Code § 29-140, when read with Code § 29-143(k), sets forth a criminal offense for which Swart was charged and convicted.

Swart next contends that he was convicted of violating Code § 29-143(k) rather than Code § 29-140, under which he says he was tried. We reject this highly technical and untenable argument. We agree with the Attorney General that the purpose of informing the defendant of the statute under which he is being tried is to advise him of the charges so that he may prepare his defense. Rule of Court 3A:7 provides in pertinent part as follows:

"Error in the citation of the statute ... that defines the offense or prescribes the punishment therefor, or omission of the citation, shall not be ground for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense."

Here, Swart was well aware of the offense with which he was charged and for which he was being tried. His conviction will not be set aside because of any technical defect in the oral Bill of Particulars. *See McDougal* v. *Commonwealth,* 212 Va. 547, 186 S.E.2d 18 (1972).

Swart's last assignment of error challenges the sufficiency of the evidence under which he was convicted.

The only witness at Swart's trial was State Game Warden David R. Ramsey, who testified that he was on routine patrol in Frederick County on November 13, 1972, the opening day of the small game season, when he saw four men in a field below him. Ramsey stood in a fence row and watched the men for ten or fifteen minutes from a distance of 100 to 200 yards. Ramsey heard approximately four shots which sounded as if they came from a .22 caliber pistol. Swart had his back to Ramsey, and the Game Warden could see neither the pistol nor the target. He saw that Swart's arm was pointed towards the ground and that the other three men were watching the defendant.

Ramsey walked down to the men and asked for the pistol, informing them that it was illegal to hunt with a .22 caliber

pistol. Swart, who was holding a shotgun, took a .22 caliber pistol from a holster in his pocket and handed it to the Game Warden. Ramsey testified that Swart said that they were hunting rabbits and that Swart did not know that hunting with a .22 caliber pistol was illegal. Ramsey observed dead rabbits in the possession of the men but did not examine the rabbits to determine whether they had been shot with a .22 caliber pistol.

Ramsey and Swart walked back to the Game Warden's car, where Ramsey issued a summons to Swart for illegally hunting rabbits with a .22 caliber pistol. Ramsey removed three or four empty shells and one loaded shell from the pistol before returning it to Swart and taking his signed receipt for it. Ramsey informed Swart that the defendant could take care of the summons in Frederick County Court ahead of time. Swart replied that he did not intend to take care of it "until he made a study of the law to see whether" Ramsey knew what he was doing.

Ramsey's observations provided a sufficient basis for the trial court to find that Swart had been firing his .22 caliber pistol at targets on the ground. The trial court could also properly conclude that the targets were rabbits because Swart admitted this to Ramsey.

Swart contends, however, that his statement that he had been hunting rabbits was ambiguous as to which gun he was using. On cross-examination of Ramsey the following exchange took place:

"Q. I ask you again. Did you see the target the gun was fired at?

"A. No. I didn't see *the rabbit you* [1] *said you were shooting at.*" (Emphasis added.)

A careful reading of the record shows that the gun referred to in this question was the .22 caliber pistol. If the trial court believed Ramsey's answer it could reasonably infer that Swart admitted his guilt.

Moreover, Swart's subsequent conduct and statements were consistent with his guilt and inconsistent with his innocence. After Swart admitted to hunting rabbits, he said that he did not

---

[1] Swart was acting *pro se.*

know that hunting with a .22 caliber pistol was illegal. This was the kind of exculpatory statement that would be expected from a man who had already admitted his guilt. In addition, when Ramsey explained that Swart could avoid appearing in County Court by paying his fine in advance, Swart said that he would not take care of it until he had made a study of the game laws. This indicates that Swart had no intention at that time of challenging the factual basis of the charge against him, a purpose which reflected his prior admission.

Taking the evidence in the light most favorable to the Commonwealth, as we must, we conclude that the evidence was sufficient to support Swart's conviction.

*Affirmed.*