COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


GEORGE COLEMAN HUDGINS
                                    MEMORANDUM OPINION[*] BY
v.    Record No.  0582-95-1       CHIEF JUDGE NORMAN K. MOON
                                          JULY 16, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF YORK COUNTY
                G. Duane Holloway, Judge Designate

          Gail Starling Marshall for appellant.

          Richard B. Smith, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     George Coleman Hudgins appeals his conviction, after a bench

trial, of using a telephone to threaten arson in violation of

Code § 18.2-83, and of two counts of using a telephone to

threaten an illegal act in violation of Code § 18.2-427.  He

appeals on the grounds that the indictments were defective and

that the evidence was insufficient to show his intent.  We affirm

the convictions.

     Hudgins' offenses involved a former girlfriend, Deanna

Nemergut.  Ms. Nemergut terminated her relationship with Hudgins

in December 1993.  Ms. Nemergut was living with her parents in

January 1994 when Hudgins began to make harassing telephone calls

to the household.  On January 8, 1994, he called Ms. Nemergut and

told her that he was going to come over and burn her house down.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Ms. Nemergut believed that Hudgins was "drunk or on something." On January 23, 1994, Hudgins called again and told Ms. Nemergut that he wanted the two of them to be together and if they could not be, he would blow her head off.  She believed that Hudgins would hurt her because he had done so in the past.

Ms. Nemergut's mother, Mrs. Paula Nemergut, received numerous harassing calls from Hudgins.  On January 29, 1994, he called, identified himself, and told her that he would slit her throat.  He called again later the same day and reiterated his threats against her.  He also stated that he knew Deanna Nemergut loved her son more than anything in the world and that he would kill "the little bastard" as well.

Hudgins admitted making several calls, but claimed that he did not remember what he said.  He said he had been drinking, but did not know how much.  He acknowledged that he is an alcoholic and that prior to making the calls he had been in Eastern State Hospital due to an overdose of valium.  Ms. Nemergut testified that Hudgins was "very decent" when sober but "out of control" when drinking.  She stated that during his angry outbursts against her, Hudgins knew what he was saying, but the next day would claim that he did not remember.

Hudgins was indicted for two violations of Code § 18.2-427.  Under that statute, it is a Class 1 misdemeanor for any person to "use obscene, vulgar, profane, lewd, lascivious, or indecent language, or to make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act with the intent to

- 2 -

coerce, intimidate, or harass any person, over any telephone or citizen's band radio . . . ."

The indictments read as follows:

THE GRAND JURY CHARGES THAT:
On or about January 23, 1994, in the County of York, Virginia, GEORGE C. HUDGINS, did threaten an illegal act with the intent to coerce, and intimidate Deanna Christine Nemergut over the telephone.

(18.2-427) of the Code of Virginia (1950) as amended Use of profane, threatening or indecent language over public airways.

\* \* \* \* \* \* \*

THE GRAND JURY CHARGES THAT:

On or about January 23, 1994, in the County of York, Virginia, GEORGE C. HUDGINS, did threaten an illegal act with the intent to coerce, and intimidate Paula Nemergut over the telephone.

(18.2-427) of the Code of Virginia (1950) as amended Use of profane, threatening or indecent language over public airways.

\* \* \* \* \* \* \*

Hudgins argues that these indictments improperly charged him with two offenses, i.e. using profane language over the telephone and threatening an illegal act over the telephone in order to coerce and intimidate. See Walker v. Commonwealth, 12 Va. App. 438, 443, 404 S.E.2d 394, 396 (1991). Hudgins argues in the alternative that if the indictment is interpreted to charge him with the use of profane language, then he was convicted of a different offense than the one charged in the indictment. See Griffin v. Commonwealth, 13 Va. App. 409, 411, 412 S.E.2d 709, 711 (1991).

Hudgins did not challenge the indictments until after the verdict against him.  He has therefore waived his right to do so on appeal.  Washington v. Commonwealth, 216 Va. 185, 192, 217 S.E.2d 352, 354 (1975).  At this stage of the proceedings, Hudgins can object only that the Commonwealth failed to inform him, through indictments or otherwise, of the "cause and nature" of the offenses for which he was tried and convicted.  Virginia Constitution, Article I, § 8; Forester v. Commonwealth, 210 Va. 764, 766-67, 173 S.E.2d 851, 854 (1970); Henson v. Commonwealth, 208 Va. 120, 124-25, 155 S.E.2d 346, 349 (1967).[1]

The indictments in this case adequately informed Hudgins of "the cause and nature" of the offenses for which he was to be tried, and indeed were not defective.  The indictments charged Hudgins with using a telephone to threaten an illegal act with the intent to coerce and intimidate.  This is one of the crimes set forth in Code § 18.2-427.  See Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991).  The language following the cite to the statute was merely a summary of the content of that statute, not a description of a different offense.  Such surplus language in an indictment does not invalidate it.  See Code § 19.2-226(9); Black v. Commonwealth, 223 Va. 277, 281-82, 288 S.E.2d 449, 451 (1982).  Hudgins has no basis on which to challenge the indictments.

---

[1]The requirement for indictment is not jurisdictional, but merely procedural.  Forester, supra, 210 Va. at 766-67, 173 S.E.2d at 854.

- 4 -

Hudgins also contends that the evidence was insufficient to show that he acted with the requisite intent. <u>Perkins</u>, 12 Va. App. at 15, 402 S.E.2d at 234. The Commonwealth argues that Hudgins failed to preserve this claim under Rule 5A:18. While Hudgins did not make a motion to strike, he raised the sufficiency issue in his closing argument. He therefore preserved this issue for appeal. <u>See</u> <u>Fortune v. Commonwealth</u>, 14 Va. App. 225, 227–28, 416 S.E.2d 25, 26–27 (1992); <u>Lee v. Lee</u>, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991).

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Viewed in the light most favorable to the Commonwealth, the evidence showed that Hudgins placed three telephone calls in which he made specific, personal threats against a former girlfriend and her mother. He was angry at Ms. Nemergut because she had broken up with him, and wanted her to resume their relationship. The nature of the threats and the surrounding circumstances are sufficient evidence that Hudgins intended to coerce and intimidate his victims.

Hudgins argues that the Commonwealth did not prove intent because he had been drinking when he made the calls and afterward he could not remember what he said. Voluntary intoxication cannot be used to negate intent except on a charge of first degree murder. <u>Chittum v. Commonwealth</u>, 211 Va. 12, 17–18, 174

S.E.2d 779, 783 (1970). While Hudgins acknowledged that he had been drinking before making the calls, there was no suggestion that he was compelled to do so. His state of intoxication while making the phone calls thus has no bearing on his intent, and as noted, the evidence demonstrates that he possessed the requisite intent. For these reasons, we affirm the convictions.

<u>Affirmed.</u>