# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

    v.

Alfred Taylor

September 16, 2008

Case No. CR06-1701

BY JUDGE V. THOMAS FOREHAND, JR.

This matter is before the Court on defendant's Motion to Set Aside. Alfred Taylor was indicted for both conspiracy to violate and violation of Virginia's dogfighting statute, Virginia Code § 3.1-796.124. On December 18, 2006, the defendant pleaded not guilty to both charges and was tried by the Honorable S. Bernard Goodwyn, who found the defendant guilty of the dogfighting charge (CR06-1701) and granted the defendant's motion to strike the Commonwealth's evidence regarding the conspiracy charge (CR06-1700). The matter was continued for sentencing, and the court ordered that a presentence report be prepared; however, prior to the sentencing hearing, Justice Goodwyn was elevated to the Supreme Court of Virginia. Subsequently, the Court allowed the defendant's retained attorney to withdraw and appointed Mr. Kowalsky to represent him on April 10, 2008. On April 29, 2008, the defendant filed a Motion to Set Aside based on alleged deficiencies in the indictment and insufficiency of evidence.

The defendant was indicted as follows:

> On or about the 29th–31st day of March, 2006, [defendant] did knowingly promote, engage in, or be employed in the organized fighting of dogs, or possess, own, train, transport or sell any dog with the intent that such dog engage in an exhibition of fighting with another dog in violation of § 3.1-796.124 of the Code of Virginia (1950) as amended.

The criminal statute of jeofails, Virginia Code § 19.2-227, provides that "[j]udgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution." The statute was intended, among other things:

> [T]o require persons charged with crime to assert their rights and to make their defenses before verdict, and thereafter to cut off all defenses not made before verdict unless prohibited by the Constitution. The Constitution gives to the accused the "right to demand the cause and nature of his accusation," and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right.

*Flanary v. Commonwealth*, 133 Va. 665, 667, 112 S.E. 604, 604 (1922) (quoting Va. Const., Art. I, § 8); *see Forester v. Commonwealth*, 210 Va. 764, 766–67, 173 S.E.2d 851, 853–54 (1970) ("[I]t seems clear that [a defendant's] constitutional rights are not violated by requiring that, if he questions the validity of an indictment that is made, he shall do so before he goes to trial on a plea of not guilty and is convicted."). Rule 3A:9 of the Rules of the Supreme Court of Virginia is even more restrictive, requiring that defenses or objections based upon defects in an indictment be raised by motion at least seven days before trial. *See Stamper v. Commonwealth*, 228 Va. 707, 713, 324 S.E.2d 682, 686 (1985). "The plain language of the Rule states that the requirements of Rule 3A:9(b)(1) are mandatory, and '[f]ailure to raise such [defenses] properly is a waiver,' unless 'good cause' is shown." *Walker v. Commonwealth*, 2007 Va. App. LEXIS 214, at *4–5 (Va. App. May 22, 2007) (unpublished opinion) (quoting *Harris v. Commonwealth*, 39 Va. App. 670, 675, 576 S.E.2d 228, 230 (2003) (en banc)). ("Although an unpublished opinion of the Court [of Appeals] has no precedential value . . . a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." *Fairfax County Sch. Bd. v. Rose*, 29 Va. App. 32, 39, n. 3, 509 S.E.2d 525, 528, n. 3 (1999) (en banc).)

In the instant case, defendant did not challenge the indictment until after the verdict against him; in fact, defendant did not raise the challenge until April 29, 2008, which was more than sixteen months after trial. Therefore, at this point, defendant "can object only that the Commonwealth failed to inform him, through indictments or otherwise, of the 'cause and nature' of the offense[] for which he was tried and convicted." *Hudgins v. Commonwealth*, 1996 Va. App. LEXIS 510, at *5 (Va. App. July 16, 1996) (unpublished opinion).

Defendant argues that the indictment was inadequate to put him on notice of the offense charged. Defendant also argues that the first portion of the indictment, which alleged that the defendant "did knowingly promote, engage in, or be employed in the organized fighting of dogs" obligated the Commonwealth to "prove that the defendant was guilty of that conduct beyond a reasonable doubt." (Def.'s Mot. to Set Aside at 9.) The "organized fighting" language from the first portion of the indictment was from the pre-1999 dogfighting statute; Va. Code § 3.1-796.124 was amended in 1999, among other things, to remove the term "organized" from the statute. Act of March 16, 1999, ch. 113, 1999 Va. Acts 147. In the instant case, however, the Commonwealth's use of the conjunction "or" in the indictment permitted them to prove in the alternative that the defendant did "possess, own, train, transport, or sell any dog with the intent that such dog engage in an exhibition of fighting with another dog"; this second portion of the indictment was taken verbatim from the dogfighting statute that was in effect at the time the defendant was indicted. *See* Va. Code § 3.1-796.124(A)(4) (2006).

Virginia Code § 19.2-220 provides, in pertinent part:

> The indictment or information shall be a plain, concise, and definite written statement . . . describing the offense charged. . . .
> In describing the offense . . . the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

Rule 3A:6(a) of the Rules of the Supreme Court of Virginia goes further to require that an indictment "cite the statute or ordinance that defines the offense." *See Walshaw v. Commonwealth*, 44 Va. App. 103, 109, 603 S.E.2d 633, 636 (2004). " 'The inference to be drawn from the provisions of Code § 19.2-220 and Rule 3A:6(a) is clearly that incorporation by . . . reference of the statute cited in the indictment' provides adequate notice of the charges against the accused." *Walshaw*, 44 Va. App. at 110, 603 S.E.2d at 636 (quoting *Thomas v. Commonwealth*, 37 Va. App. 748, 753, 561 S.E.2d 56, 58

(2002); *see Barth v. Commonwealth*, 2007 Va. App. LEXIS 56 (Va. App. Feb. 20, 2007) (unpublished opinion) (holding that the citation of the code section in the indictment "incorporated by reference the complete definition of the offense set forth in the statute and supplemented the charging language of the indictment").

The Court is of the opinion that the indictment, albeit imperfect, was sufficient to charge the defendant with the offense; having not raised the issue of the validity of the indictment until sixteen months after trial, defendant has "waived his right to be more fully advised of the cause and nature of his accusation." *McDougal v. Commonwealth*, 212 Va. 547, 548, 186 S.E.2d 18, 20 (1972). Upon review of the file and the trial transcript and considering the incorporation by reference of the dogfighting statute cited in the indictment, it is "obvious that the defendant, the Commonwealth, and the court all were fully aware of the 'cause and nature' of the offense for which the defendant was being tried and of which he was convicted." *McDougal*, 212 Va. at 548–49, 186 S.E.2d at 20.

Having found that the indictment was sufficient to inform the defendant of the "cause and nature" of the offense charged, the Court turns to defendant's challenge to the sufficiency of the evidence as set forth in his Motion to Set Aside. Defendant argues, "Not only was there no evidence [at trial] that the dogs that were found were ever used in dogfighting, there was no evidence of any dogfighting. There certainly was no evidence of any *organized* dogfighting, or fighting of dogs for *amusement, sport, or gain*, or of possession with the intent that such dog engage in an *exhibition of fighting with another dog*." (Def.'s Mot. to Set Aside at 12 (emphasis in original).) As discussed *supra*, the Commonwealth was not required to prove that the defendant engaged in "organized dogfighting," but could prove in the alternative that the defendant possessed, owned, trained, transported, or sold "any dog with the intent that such dog engage in an exhibition of fighting with another dog." *Cf.* Virginia Code § 3.1-796.124(A)(4) (2006).

"When a defendant challenges the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom." *Commonwealth v. Mohajer*, 2000 Va. Cir. LEXIS 178 (Fairfax 2000) (citing *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). At trial, the Commonwealth presented testimony of seven witnesses, including expert testimony of Katherine Strouse, the Animal Control Coordinator of the Chesapeake Police Department, and introduced thirty-three exhibits into evidence, including photographs and equipment related to

dogfighting. When asked her opinion regarding whether or not the Commonwealth's evidence was consistent with dogfighting, the Commonwealth's expert testified:

> Let me go down the list of the things that I believe, in my opinion, are consistent with dogfighting. There were the restraints on the dogs, heavy chains with wide, thick collars. The heavy chains attached to axles that are buried deep in the ground so the dogs can see each other and stay agitated but not come into contact with each other. The presence of the scale in the backyard to weigh the dogs, one does not need to weigh a dog for a weight pull or a confirmation show, the presence of the breeding stand in the backyard, the presence of the spring pole in the backyard, the presence of the long cable runner on the ground with the heavy weighted chain to it just outside the fence, the presence of the treadmill in the garage, the presence of the supplements, the antibiotics, the surgical stapler, the break sticks, the cat jenny, the presence of underground magazines such as *Sporting Dog Journal* right up to the year 2004 when it ceased publication, the presence of books about famous fighting dogs, the blank forms to record your "keep" diary, the journals that talk about fights, the envelopes. For A & D Kennels — in one of the dogfighting magazines, there was a fight report for A & D Kennels. The dogs themselves, the patterns of scarring on ten out of seventeen dogs. All of those things are consistent with dogfighting.

(Tr. at 139–40.)

Circumstantial evidence is "as competent, and entitled to the same weight, as direct testimony if such evidence is sufficiently convincing." *Juniper v. Commonwealth*, 271 Va. 362, 416, 626 S.E.2d 383, 417 (2006) (quoting *Chichester v. Commonwealth*, 248 Va. 311, 329, 448 S.E.2d 638, 650 (1994), *cert. denied*, 513 U.S. 1166 (1995)). Thus, "while no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion'." *Id.* (quoting *Chichester*, 248 Va. at 329, 448 S.E.2d at 650).

At the conclusion of the trial, the Court found that the Commonwealth proved beyond a reasonable doubt that the defendant "was the person in charge and control of the premises when the alleged acts occurred" and found

the defendant guilty "based upon the number of dogs that were there, the way they were restrained, the apparatus the dogs had on, the equipment that was found in the yard, the treadmill, the supplements, the medicine, [and] the literature that talks about how you train dogs to fight, which parallels what was actually at the scene." (Tr. at 232.) Upon review of the file and transcript, the Court is satisfied that there was sufficient evidence produced at trial to find the defendant guilty of dogfighting in violation of Va. Code § 3.1-796.124.

For the foregoing reasons, the defendant's Motion to Set Aside is denied. This matter is set for sentencing on September 25, 2008, at 8:30 a.m.